## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY ACREE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv956 |
| UNITED INSURANCE COMPANY OF AMERICA, | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Defendant, United Insurance Company of America ("United"), pursuant to 28 U.S.C. §§ 1332 and 1441, files this Notice of Removal of the foregoing cause from the Circuit Court of Houston County, Alabama, wherein it is pending as CV-05-580, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for this removal, United shows the Court as follows:

1.    The plaintiff, Mary Acree, brought this action in the Circuit Court of Houston County, Alabama on or about September 15, 2005. United was served with the summons and complaint by certified mail on September 29, 2005. This Notice of Removal, therefore, is timely filed under 28 U.S.C. §1446(b).

### PARTIES

2.    The plaintiff is now, was at the time of the filing of the Complaint and at all times intervening, a citizen of Alabama. Complaint, ¶ 1.

3.    United is now, was at the time of the filing of the Complaint and at all times intervening, an Illinois corporation with its principal place of business in Illinois.

## JURISDICTION

4.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity of citizenship between plaintiff and United.

5.     The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks an unspecified and unlimited amount of compensatory and punitive damages under multiple counts. *See Bell v. Preferred Life Assurance Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)(holding that a potential award of punitive damages against a defendant is included in determining the amount in controversy if such punitive damages are recoverable under governing law); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)(same). Where, as in this case, a complaint does not demand a specific damages amount, the removing defendant must demonstrate that the amount in controversy satisfies the jurisdictional requirement by only a preponderance of the evidence. *Williams v. Best Buy, Inc.*, 296 F.3d 1316, 1319 (11th Cir. 2001).

6.     Plaintiff alleges that she purchased a life insurance policy on her daughter, Cherisha Acree, who has been diagnosed with cerebral palsy. Complaint, ¶¶ 5-6. Plaintiff contends that the policy lapsed although plaintiff made the required premium payments. Id. at ¶¶ 14-17. The Complaint seeks recovery under multiple claims, including claims for fraudulent suppression, promissory fraud, breach of contract, conversion, negligence and wantonness. As part of the compensatory damages sought, plaintiff seeks recovery for alleged mental anguish. Complaint, ¶ 41(c).

7.     Although United denies that plaintiff is entitled to recover any compensatory or punitive damages, plaintiff's allegations put the requisite amount in controversy because allegations of fraud seeking an award of mental anguish damages and punitive damages under

2

Alabama law routinely exceed $75,000.00 even in instances where the plaintiff's out-of-pocket, economic damages are relatively small. *See, e.g., Southern Energy Homes, Inc. v. Washington*, 774 So. 2d 505 (Ala. 2000) (affirming damages award of $375,000, which included substantial portion allocable to mental anguish, on claims involving damage to home); *Ford Motor Co. v. Sperau*, 708 So. 2d 111 (Ala. 1997) (noting mental anguish damage award of $700,000 for two plaintiffs and punitive damage award of $6 million on a fraud claim); *Life Ins. Co. of Ga. v. Johnson*, 701 So. 2d 524 (Ala. 1997) (noting jury award of $250,000 in compensatory damages and $15 million in punitive damages for a fraud claim); *Duck Head Apparel Co. v. Hoots*, 659 So. 2d 897 (Ala. 1995) (noting mental anguish damage award of $6 million to three plaintiffs in a fraud case)).

8.    This Court has affirmed consistently that the amount in controversy requirement is met under circumstances such as those found in this case. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003); *Kirkland v. SSL Americas, Inc.*, 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404-05 (M.D. Ala. 1995).

9.    A copy of this Notice of Removal has been served on Plaintiff and filed with the Clerk of the Circuit Court of Houston County, Alabama as required by 28 U.S.C. § 1446(d).

10.    A copy of all process, pleadings, and orders served upon the Defendants in this case are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

11.    All properly joined and served defendants consent to and join in this Notice of Removal.

**WHEREFORE**, Defendant United Insurance Company of America prays that this Court will consider this Notice conditioned as provided by law governing the removal of cases to this

3

Court; that this Court will make the proper orders to effect the removal of this cause from said Circuit Court of Houston County, Alabama to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

_____
Attorney for Defendant
United Insurance Company of America

OF COUNSEL:

William H. Brooks
Kevin E. Clark
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 20th Street North
Birmingham, AL 35203
Telephone:     (205) 581-0700
Facsimile:     (205) 581-0799

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2005, I  served a true and correct copy of the foregoing by United States mail, postage prepaid, properly addressed to:

M. Adam Jones, Esq.
Morris, Cary, Andrews, Talmadge & Jones, LLC
P.O. Box 1649
Dothan, AL 36302-1649

Of Counsel