IN THE CIRCUIT COURT FOR
HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| MARY ACREE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED INSURANCE COMPANY OF AMERICA; and FICTITIOUS DEFENDANTS "A", "B" and "C", Being those persons, corporations, or other legal entities whose identities are unknown to Plaintiff at this time but will be supplemented by amendment once ascertained,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CV-2005-_____<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled matter, by and through counsel, and hereby submits the following Complaint, to be in answered in accordance with, and pursuant to the time constraints of, the Alabama Rules of Civil Procedure.

### STATEMENT OF THE PARTIES

1. Plaintiff, Mary Acree (hereinafter "Acree"), is over the age of nineteen years and is a resident citizen of Houston County, Alabama.

2. Defendant, United Life Insurance Company of America ("United"), is a foreign corporation doing business by agent in Houston County, Alabama.

3. Fictitious Defendants "A", "B" and "C" are those persons, corporations, or other legal entities whose identities are as of yet unknown to Plaintiff but will be supplemented by amendment once ascertained.

### STATEMENT OF THE FACTS

4.  On July 22, 1986, Acree gave birth to a daughter, Cherisha Acree.

5.  On September 8, 1986, Acree purchased a policy of whole life insurance upon her daughter from United, with the face of the policy being $3,000 and having an accidental death benefit of an additional $3,000.

6.  Subsequently, Cherisha Acree was diagnosed with cerebral palsy.

7.  Acree continued to pay the premiums of the aforementioned policy until March 10, 1992, at which time the policy was replaced by a new policy with the same death benefits and a higher premium.

8.  Acree continued to pay the premiums of the 1992 policy via a United collection agent who arrived at Acree's home monthly to collect her premium payments.

9.  Due to the severity of her disease and her condition resulting there from, Cherisha Acree resides in a assisted living home for handicapped children. She does not enjoy a normal life expectancy, and Acree has always anticipated the benefits from the aforementioned policy in helping to one day bury her daughter.

10. At some point in time in the Summer or Fall of 2004, shortly after Cherisha Acree's eighteenth birthday, United stopped sending collection agents to Acree's home to pick up her monthly premium payment.

11. Acree began to forward her premium payments to United via regular mail, and along with her payments she also sent her "debit card" to be initialed and returned to her as proof of her payment.

12. For approximately the next month or two, Acree's card returned with someone's initials, seemingly indicating proof and acceptance of her payment.

13. Thereafter, Acree's card began to be returned without initials, although her premium payment check was being deposited by United.

14. In January of 2005, Acree received a letter (purportedly sent on December 31, 2004) from United stating that her policy on Cherisha had "lapsed because the premium due on November 15, 2004, was not paid."

15. However, Acree's check for her November premium was received and deposited by United on December 2, 2004, more than four weeks prior to the issuance of the aforementioned letter.

16. In fact, before receiving United's letter, Acree mailed the December premium payment on December 30, 2004, and it was deposited by United on January 5, 2005, five days after United issued its letter stating that the policy had lapsed.

17. Upon receipt of the letter from United, Acree earnestly began trying to contact someone at United in order to understand what was going on and, hopefully, to make sure Cherisha's policy was not cancelled. On numerous occasions, Acree was forwarded from person to person without being provided any substantive information and without speaking to anyone who could take whatever steps were necessary to assure that the policy remained in full force and effect.

## COUNT ONE
## FRAUDULENT SUPPRESSION

18. Plaintiff re-alleges all prior paragraphs as if set our here in full.

19. Upon receipt of Acree's payment for the aforementioned November 2004 premium, the Defendants owed her a duty to disclose that her policy had lapsed, or would soon be declared as lapsed.

20. The Defendants failed to disclose to Acree the information described in the preceding paragraph.

21. In good faith, reasonable reliance upon her belief that her November premium had been paid and that her policy remained in effect, Acree paid the December premium which was never returned to her.

22. The Defendants were also under a duty to disclose to Acree the fact that the Defendants had no intentions of honoring the aforementioned policy throughout the life of Cherisha Acree.

23. The Defendants failed to disclose to Acree the information described in the preceding paragraph.

24. As a proximate result, Acree has been damaged as described herein below.

### COUNT TWO
### PROMISSORY FRAUD

25. Plaintiff re-alleges all prior paragraphs as if set out here in full.

26. Defendants fraudulently misrepresented to Acree that, if she fulfilled her contractual obligations by making timely premium payments, the policy of whole life insurance upon the life of Cherisha Acree would remain in full force and effect throughout the term of her natural life.

27. Defendants had no intention of insuring Cherisha Acree throughout the remainder of her life.

28. Acree relied upon Defendants' fraudulent promises by taking out a policy of life insurance upon her daughter and making payments upon same for approximately eighteen years.

29. As a proximate result, Acree has been damaged as described herein below.

## COUNT THREE
## BREACH OF CONTRACT

30. Plaintiff re-alleges all prior paragraphs as if set out here in full.

31. Acree and United entered into a contract whereby United was to provide life insurance upon the life of Acree's daughter, Cherisha Acree, and Acree was to make monthly premium payments thereupon.

32. Despite Acree's performance of her contractual obligations, United breached said contract by refusing to continue insuring Cherisha Acree throughout the term of her life.

33. As a result of United's breach of the aforesaid contract, the Plaintiff was damaged as described herein below.

## COUNT FOUR
## CONVERSION

34. Plaintiff re-alleges all prior paragraphs as if set out here in full.

35. Defendants converted Plaintiff's intended November and December premium payments to its own use and benefit, without permission or authorization to do so.

36. As a result of Defendants' conversions of Plaintff's property, Plaintiff has been damaged as described herein below.

## COUNT FIVE
## NEGLIGENCE, WANTONNESS AND/OR WILLFULNESS

37. Plaintiff re-alleges all prior paragraphs as if set out here in full.

38. Defendants owed Plaintiff a duty to use reasonable care in handling her policy, administering her premium payments, and not allowing her policy to "lapse" in spite of Defendants' receipt of Plaintiff's premium payments.

39. Defendants negligently, wantonly and/or willfully breached the duty of care it owed to the Plaintiff, as described above.

40. As a result of Defendant's negligence, wantonness and/or willfulness, the Plaintiff has been damaged as described herein below.

## DAMAGES

41. As a proximate result of Defendants' conduct as described above, the Plaintiff has been cause to suffer damages as follows:

   a. Lost premium payments;

   b. Inability to insure the life of her daughter;

   c. Mental anguish and emotional distress.

## PRAYER FOR RELIEF

42. Plaintiff prays that this Honorable Court will award her both compensatory and punitive damages in an amount as a jury deems fit and proper, as well as attorney's fees, costs of Court, and any and all other equitable relief deemed appropriate.

RESPECTFULLY SUBMITTED this the 15 day of Sept., 2005.

## JURY TRIAL DEMANDED ON ALL COUNTS SO TRIABLE.

M. ADAM JONES (JON 126)
Counsel for Plaintiffs

OF COUNSEL:
MORRIS, CARY, ANDREWS,
TALMADGE & JONES, LLC
P.O. Box 1649
Dothan, AL 36302-1649
334-792-1420
FAX 334-673-0077

Service for the Defendant:

The Corporation Company
2000 Interstate Parkway
Suite 204
Montgomery, Al 36109