IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY ACREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-1:05cv956 |
| | ) |
| UNITED INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, United Insurance Company of America ("United"), for its answer to the plaintiff's complaint and each and every count and claim contained therein, says as follows:

1.   Based upon information and belief, United admits the allegations in paragraph 1 of the Complaint.

2.   United admits that is an Illinois corporation with its principal place of business in Illinois that has done business in Alabama.

3.   The allegations in paragraph 3 of the Complaint pertain to fictitious defendants and do not require a response from United. To the extent these allegations could be construed as requiring a response from United, the allegations are denied.

4.   United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint. Accordingly, such allegations are denied.

5.   United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint as the insurance policy referenced in this paragraph is not identified. Accordingly, such allegations are denied.

6. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint. Accordingly, such allegations are denied.

7. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint as the insurance policies referenced in this paragraph are not identified.. Accordingly, such allegations are denied.

8. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint as the insurance policy referenced in this paragraph is not identified.. Accordingly, such allegations are denied.

9. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint. Accordingly, such allegations are denied.

10. Denied.

11. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint as the insurance policy on which plaintiff alleges she was paying premiums is not identified. Accordingly, such allegations are denied.

12. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint as the insurance policy on which plaintiff alleges she was paying premiums is not identified. Accordingly, such allegations are denied.

13. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint as the insurance policy on

which plaintiff alleges she was paying premiums is not identified. Accordingly, such allegations are denied.

14. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint as the insurance policy referenced in this paragraph is not identified. Accordingly, such allegations are denied.

15. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint as the insurance policy on which plaintiff alleges she was paying premiums is not identified. Accordingly, such allegations are denied.

16. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint as the insurance policy on which plaintiff alleges she was paying premiums is not identified. Accordingly, such allegations are denied.

17. United is without knowledge or information at present sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint. Accordingly, such allegations are denied.

18. United adopts and incorporates by reference its responses to paragraphs 1-17 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. United adopts and incorporates by reference its responses to paragraphs 1-24 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. United adopts and incorporates by reference its responses to paragraphs 1-29 of the Complaint.

31. Admitted.

32. Denied.

33. Denied.

34. United adopts and incorporates by reference its responses to paragraphs 1-33 of the Complaint.

35. Denied.

36. Denied.

37. United adopts and incorporates by reference its responses to paragraphs 1-36 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42.  United denies that plaintiff is entitled to any of the relief sought in paragraph 42 of the Complaint.

### FIRST DEFENSE

Plaintiff's complaint, and each and every count contained therein, fails to state a claim against United upon which relief can be granted.

### SECOND DEFENSE

United is not guilty of the matters and things alleged in the complaint.

### THIRD DEFENSE

United denies the material allegations of the complaint and demands strict proof thereof.

### FOURTH DEFENSE

Plaintiff's claimed injuries and damages were caused by the acts or omissions of others for whom United owes no legal responsibility.

### FIFTH DEFENSE

the complaint fails to comply with Rule 9 of the Federal Rules of Civil Procedure.

### SIXTH DEFENSE

United denies that the plaintiff was injured or harmed in any way by any alleged act or omission by United.

### SEVENTH DEFENSE

United avers that the plaintiff's claims are barred by the applicable statute of limitations and/or Alabama's rule of repose.

### EIGHTH DEFENSE

United avers that the plaintiff's claims are barred by lack of standing.

## NINTH DEFENSE

United avers that plaintiff's claims are barred by release and/or estoppel.

## TENTH DEFENSE

United avers that plaintiff's claims are barred by contributory negligence.

## ELEVENTH DEFENSE

The plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the policy or policies of insurance made the basis of this lawsuit.

## TWELFTH DEFENSE

The imposition of punitive damages against United in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTEENTH DEFENSE

United cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27 (Supp. 1991).

## FOURTEENTH DEFENSE

The claims of plaintiff for punitive damages and mental anguish against United cannot be sustained because an award of punitive damages and mental anguish under Alabama law that is not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages or damages for mental anguish that a jury may impose, would violate United's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## FIFTEENTH DEFENSE

The claims of plaintiff for punitive damages and mental anguish against United cannot be sustained, because an award of punitive damages or damages for mental anguish under Alabama law by a jury that (1) is not provided a standard of sufficient for determining the appropriateness, or the appropriate size, of a such a damages award, (2) is not instructed on the limits on punitive damages or damages for mental anguish imposed by the applicable principles of deterrence, punishment and reasonableness, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages or mental anguish damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## SIXTEENTH DEFENSE

Any award of punitive damages in this case would violate United's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; and the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## SEVENTEENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to United by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## EIGHTEENTH DEFENSE

United avers that an award of punitive damages, if any, in this case is subject to the limitations set forth in Ala. Code § 6-11-21, as amended.

United reserves the right to amend its answer by asserting defenses which discovery reveals to be appropriate.

**WHEREFORE**, United respectfully prays for relief as follows:

1. That judgment be entered in favor of United and against the plaintiff on all claims asserted in the Complaint;

2. That plaintiff have and recover nothing of this defendant;

3. That all costs of this action be taxed against the plaintiff; and

4. For such other and further relief as this Court deems just and proper.

_____
Attorney for Defendant
United Insurance Company of America

OF COUNSEL:

William H. Brooks (BRO109)
Kevin E. Clark (CLA072)
**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
400 20th Street North
Birmingham, AL  35203
Telephone:    (205) 581-0700
Facsimile:    (205) 581-0799

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2005, I served a true and correct copy of the foregoing by United States mail, postage prepaid, properly addressed to:

M. Adam Jones, Esq.<br>
Morris, Cary, Andrews, Talmadge & Jones, LLC<br>
P.O. Box 1649<br>
Dothan, AL 36302

/s/ William H. Bad[signature]
Of Counsel